IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER CODY LESTER,  )  | |
|     Plaintiff,  ) | Case No. 7:23-cv-00060 |
| )  | |
| v.  ) | |
| )  | By: Michael F. Urbanski |
| BROADWELL, GILLESPIE  ) | Chief United States District Judge |
| NIMMO, P.C., et al.,  ) | |
|     Defendants.  ) | |

### MEMORANDUM OPINION

Christopher Cody Lester, a Virginia inmate proceeding pro se, initiated this action by filing a form complaint under 42 U.S.C. § 1983 against two law firms, an attorney, a local police department, and a police officer. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

### I.    Background

Lester is incarcerated at the Southwest Virginia Regional Jail in Haysi, Virginia. According to the complaint, Lester's parental rights were terminated as a result of a proceeding in state court. See Compl., ECF No. 1, at 2. He provides the following summary of his claims:

> Falsely accusing of wrongdoing
> Conflict of interest
> Purgery + loss of all rights to my kid

Id. He names as defendants "Broadwell, Gillespie Nimmo, P.C.," Penny Nimmo, "TJ OBrian Law Firm," Police Officer Matt Whited, and the Richlands, Virginia Police Department. Id. at 1.

On March 8, 2023, Lester filed an additional statement in support of his claims. See ECF No. 8. Lester alleges that the guardian ad litem assigned to the case had a conflict of interest as a result of having represented him on a criminal matter in 2011. Lester asserts that he raised the issue with Nimmo, his "paid lawyer," and that Nimmo showed "[zero] interest" in seeking to have the guardian ad litem removed from the case. Id. at 1–2. Lester further alleges that Whited "gave false statement[s] under oath in Russell County Circuit Court." Id. at 3.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible

on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

## III. Discussion

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

### A. Nimmo and the Law Firms

Lester does not allege facts from which the court could conclude that Penny Nimmo or the law firms acted "under color of state law." Id. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Moreover, an attorney, whether retained or appointed by the court, does not act under color of state law when performing traditional functions as counsel. See Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) (explaining that "[p]rivate lawyers do not act 'under of color of state law' merely by making use of the state's court system"); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney was subject to dismissal "for want of state action"); Deas v. Potts, 547 F.2d

800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983) (emphasis in original); see also Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir. 1986) (concluding that "a guardian ad litem is not acting under color of state law for purposes of § 1983"). Accordingly, the complaint fails to state a cognizable § 1983 claim against Nimmo and the law firms.

### B. Richlands Police Department

The Richlands Police Department is not a proper party in this action since it is not an entity capable of being sued. State law determines whether a governmental body has the capacity to be sued in federal court. Fed. R. Civ. P. 17(b). "In Virginia, departments of municipal governments are not capable of being sued in their own names." Allmond v. Sec. 8 Dep't of Hous., No. 1:03-cv-00894, 2003 WL 23784041, at *2 (E.D. Va. Sept. 25, 2003). Accordingly, federal district courts have routinely "dismissed claims against police departments in Virginia, holding that they lack the capacity to be sued." Lucas v. Henrico Cnty. Pub. Sch. Bd., No. 3:18-cv-00402, 2019 WL 5791343, at *3 (E.D. Va. Nov. 6, 2019) (collecting cases); see also Wynn v. City of Richmond, No. 3:21-cv-00530, 2022 WL 2318497, at *5 (E.D. Va. June 28, 2022) ("No Virginia statute or regulation allows the Richmond Police Department to be sued separately from the City of Richmond. Therefore, the Court will dismiss all Counts against RPD."). Consistent with these decisions, the court concludes that the claims against the Richlands Police Department must be dismissed because it does not have the capacity to be sued separately from the Town of Richlands.

Even if Lester had named the Town of Richlands as a defendant instead of the Richlands Police Department, his claims would be subject to dismissal under Monell v. Department of Social Services, 436 U.S. 658 (1978). In Monell, the Supreme Court held that municipalities "are not vicariously liable under § 1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell, 436 U.S. at 691). Instead, they are responsible only for their "own illegal acts." Owens v. Balt. City State's Attys. Office, 767 F.3d 379, 402 (4th Cir. 2014) (citing Monell, 436 U.S. at 691). Because it appears that Lester seeks to recover against the Richlands Police Department for the alleged actions of a police officer—that is, under a theory of vicarious liability—such action against the Town of Richlands would be foreclosed by Monell. See Monell, 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

### C.     Officer Whited

Lester's complaint also fails to state a plausible claim for relief under § 1983 against Officer Matt Whited, who is accused of committing perjury in state court. "[T]he Supreme Court has specifically held that police officers are immune from an action arising under § 1983 for alleged perjury." Smith v. McCarthy, 349 F. App'x 851, 858 n. 10 (4th Cir. 2009) (citing Briscoe v. LaHue, 460 U.S. 325, 342–43 (1983)); see also Stem v. Ahearn, 908 F.2d 1, 6 (5th Cir. 1990) (holding that "adverse judicial testimony at a child-custody hearing . . . constitutes witness testimony that is absolutely immune from section 1983 liability") (citing Briscoe, 460 U.S. at 342–47). Accordingly, Lester's allegations against Whited fail to state a claim under § 1983.

## IV. Conclusion

For the foregoing reasons, the court concludes that the complaint must be dismissed for failure to state a claim against the named defendants. An appropriate order will be entered.

Entered: March 21, 2023

*Digitally signed by Michael F. Urbanski, Chief U.S. District Judge*
*Date: 2023.03.21 11:26:30 -04'00'*

Michael F. Urbanski
Chief United States District Judge